IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RODRECUS JOLLEY, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:12-CV-290 (CAR) |
| CHARLES SAMUELS, JR., Director of the BOP, | : | |
| Respondent. | : | **O R D E R** |

*Pro se* Petitioner **RODRECUS JOLLEY**, an inmate at the Federal Correctional Institution in Coleman, Florida, who was convicted and sentenced in the Middle District of Georgia, has filed a self-styled petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner claims that he has successfully completed a Residential Drug Abuse Program, thus qualifying him for one-year early release under 18 U.S.C. § 3621(e), but that he has been "categorically excluded." He asks this Court to order the Bureau of Prisons to deem him eligible for early release.

Shortly after filing the instant action, Petitioner filed a nearly identical section 2241 petition in the Middle District of Florida, his district of confinement. ***Jolley v. Warden, FCC Coleman-Low***, 5:12-cv-451-JES-PRL (M.D. Fla.). That case remains pending.

Section 2241 petitions must be filed in the district where the prisoner is confined. 28 U.S.C. § 2241; ***Rumsfeld v. Padilla***, 542 U.S. 426, 443 (2004); ***Garcia v. Warden***, 470 F. App'x 735 (11th Cir. 2012). This Court could transfer this case to a district where jurisdiction would be proper. *See* 28 U.S.C. §§ 1406(a) and 1631. In light of Petitioner's pending section 2241 action in the Middle District of Florida, however, such transfer is unnecessary.

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 7th day of September, 2012.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr